**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-11-866-PHX-GMS (MHB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Shawn Handell Holloway, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This case arises on Defendant's Amended Motion to Reconsider Detention Order, filed on September 28, 2011. (Doc. 34) Because the undersigned Magistrate Judge conducted Defendant's June 2, 2011detention hearing and no review or appeal was taken of the June 8, 2011detention order pursuant to 18 U.S.C. § 3145, the assigned District Judge, the Honorable G. Murray Snow, referred the Amended Motion to Reconsider to the undersigned "to make appropriate findings and orders[]" pursuant to the District Court's general practice on requests for reconsideration of orders. (Doc. 35) The Government has not responded to the Amended Motion nor does the Amended Motion state the Government's position on Defendant's request for a second detention.

**I. Background**

The docket reflects that a multi-count indictment was returned against Defendant on May 2, 2011, charging him with Conspiracy to Possess with Intent to Distribute Marijuana (Count 1), a Class A felony; Conspiracy to Possess with Intent to Distribute Cocaine (Count

2), a Class A felony; Conspiracy to Commit Promotional and Concealment Money Laundering (Count 3), a Class C felony; Laundering of Monetary Instruments (Count 4), a Class C felony; and Engaging in Monetary Transactions (Count 5), a Class C felony. (Doc. 3)

Defendant was arrested on May 10, 2011 in the Northern District of Ohio. (Doc. 9) At his initial appearance on the same date in Ohio, Defendant reserved his right to a detention hearing in the District of Arizona. (Doc. 10) On May 20, 2011 at his Arizona initial appearance and arraignment, Defendant was appointed CJA counsel and entered not guilty pleas to all counts. At the Government's request, Defendant remained temporarily detained until a detention hearing was eventually held on June 2, 2011. (Docs. 15-16)  At the detention hearing, Defendant was detained as a serious flight risk.[1] (Docs. 16-17)  The trial was recently continued to February 7, 2012. (Doc. 38)

## II. Reconsideration of Detention Orders

Title 18 U.S.C. §3142(f) expressly provides that a detention hearing:

[m]ay be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. §3142(f); *United States v. Jacquot*, 2011 WL 1636943, * 2 (S.D.Cal. April 29, 2011); *United States v. Simpson*, 2010 WL 129793, * 3 (D.Utah January 8, 2010). Thus, the "movant", whether prosecutor or defendant, must establish: 1) that information now exists

---

[1] A transcript of the June 8, 2011detention hearing was ordered by the Government on September 23, 2011, doc. 31, but the Court has not been provided a copy. The Court has no independent recollection of the hearing's details, it believes that defense counsel accurately states that the Court "[f]ound that Mr. Holloway had not overcome the presumption that he was a [serious] flight risk in this matter . . . ." in light of the grand jury's finding of probable cause on the charges in Counts 1 and 2. See, 18 U.S.C. § 3142(e) which creates a rebuttable presumption of detention upon a finding of probable cause that certain crimes were committed. Note: if counsel is correct, as the Court believes he is, the words "and the safety of the community[]" on page one of the detention order should have been stricken.

1    that was not known to the movant at the time of the initial detention hearing, and 2) the new

2    information is material to release conditions regarding flight or dangerousness. *United States*

3    *v. Bowens*, 2007 WL 2220501, * 1 (D.Ariz., July 31, 2007) (citing *United States v. Hare*, 873

4    F.2d 796 (5ᵗʰ Cir. 1989) (testimony of defendant's family and friends is not new evidence to

5    warrant reopening of detention).

6         The rationale for the rule is discussed in *United States v. Flores*, 856 F. Supp.

7    1400 (E.D.Cal. 1994) wherein a defendant's motion to reopen detention hearing was denied.

8    "A rule that would not discourage a party for failing to acquire *readily available evidence*

9    for presentation the first time is a rule that encourages piecemeal presentations. Judicial

10   efficiency is not served by such a practice." *Bowens*, 2007 WL 2220501 at 2 (emphasis

11   added). *See also, United States v. Ward*, 235 F.Supp.2d 1183, 1185 (N.D.Okl. 2002) (in

12   denying a motion to reopen the issue of pretrial detention, magistrate judge observed that

13   "the proffered information about Defendant's background, ties to the community and

14   employment history were all known" at the time of the detention hearing) (citing *United*

15   *States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991)).

16        The Court agrees with this California Magistrate Judge that "[o]nce a hearing

17   is reopened, . . . it is reopened for the purpose of the court's receiving any information,

18   within reason, not submitted at the original detention hearing." *United States v. Barksdale*,

19   2008 WL 2620380, * 2 n. 3 (E.D.Cal., July 1, 2008) "The purpose of such a rule is to allow

20   the new information justifying reopening to be considered in context, taking into account

21   information either side may have gathered. Any information presented is, of course, subject

22   to the court's own weighing of the evidence in light of all relevant factors, including the

23   timing of its disclosure." (*Id.*)

24   **III. Discussion**

25        Under the heading "NEW EVIDENCE", Defendant's Amended Motion that

26   indicates that "Mr. Holloway has additional information and evidence that merits the Court

27   herein to reconsider the prior detention order, including without limitation the following:

28        1) Mr. Holloway was born in Cleveland, Ohio and educated there in the public school

- 3 -

1  system.

2  2) Mr. Holloway has been involved in a long-term relationship and has minor children.

3

4  3) Mr. Holloway has copies of voluminous business records of Shawn Construction Inc. showing that he has been involved in the remodeling and restoration of residential and small commercial properties for many years.

5

6  4) Since Mr. Holloway's arrest, counsel has acquired, and shall provide to this Honorable Court, A.U.S.A. Karen McDonald and Pre-trial services the exact address of where Mr. Holloway will be residing with the other residents also residing there, and land line to said residence.

7

8  5) Mr. Holloway does not possess a passport at this time.

9  6) Other than the overt acts associated with the current matter, Mr. Holloway has no other criminal record.

10

11  (Doc. 34 at 3-4)  Defendant contends that this is "*new information . . . that was not known*

12  *to him* at the time of hearing and that have a bearing on the issue of whether there are

13  conditions of release the (sic) will reasonably assure his appearance and respectfully requests

14  the opportunity to present the same." (*Id.*) (emphasis added). "If permitted to present same,

15  Mr. Holloway alleges that the *new evidence* will be sufficient to overcome the presumption

16  that he is a flight risk." (*Id.*) (emphasis added). The Court disagrees that this information

17  constitutes new evidence "not known to the movant at the time of the [initial detention]

18  hearing." 18 U.S.C. §3142(f).

19  All the information proffered as "new" is personal to Defendant. It distorts reality and

20  Defendant's credibility that Defendant did not know at the time of the June 2, 2011 detention

21  hearing where he was born, educated, or that he has been involved in a long-term relationship

22  and has minor children. Assuming Defendant has had a legitimate remodeling and restoration

23  construction business "for many years", he certainly knew where his business records were

24  or could be located at the time of his detention hearing. Defendant's Ohio Pretrial Services

25  Report, doc. 37, essentially contains all the so-called "new information" which was provided

26  directly to the PTS Officer from Defendant during his interview which was verified by his

27  mother, Susan Searcy. This Report further refutes Defendant's claim that he has no criminal

28  record "[o]ther than the overt acts associated with the current matter." (Doc. 34 at 4)

1 | Interestingly, if Defendant is referring to his drug trafficking conviction in Cleveland, Ohio

2 | in July, 2007 as part of Defendant's "overt acts associated with the current" Arizona

3 | indictment which alleges a drug trafficking conspiracy spanning from March 25, 2005 to

4 | June 1, 2010, one may consider either the strength of the Government's case on the

5 | conspiracy charge against Defendant or, as the Ohio PTS' officer did, Defendant may have

6 | participated in illegal drug trafficking while he was on probation. Of course, Defendant knew

7 | or should have known at his detention hearing whether he had a passport.

8 | Recognizing he enjoys the presumption of innocence, Defendant is facing a statutory

9 | mandatory minimum of, at least, 10 years in prison if convicted of either Count 1 or 2.

10 | Because the Court found that, among other things, the "Government appears to have a strong

11 | case against Defendant" and believes Defendant is not safety-valve eligible due to the 2007

12 | felony conviction, the Court may properly consider Defendant's motivation to flee. *See*,

13 | *United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D.Ariz. 2006) ("[D]istrict court [may]

14 | consider possible punishment as an incentive for a defendant to flee in assessing a

15 | defendant's risk of flight.") (citing *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir.

16 | 1990)). Defendant should remain detained as both PTS' officers in the Northern District of

17 | Ohio and District of Arizona have recommended. (Docs. 36 at 1, 37 at 4)

18 | Based on the foregoing,

19 | **IT IS ORDERED** that Defendant's Amended Motion to Reconsider Detention, doc.

20 | 34, is **DENIED** for failure to set forth a material change in circumstances to justify setting

21 | a second release hearing.

22 | Dated this 6th day of October, 2011.

23 |

24 |

25 | Lawrence O. Anderson
United States Magistrate Judge

26 |

27 |

28 |